# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

United States of America,
    Plaintiff,

vs.                                       Case No. 12-cr-050-JHP

Kenneth Lee Hopkins,
    Defendant.

## OPINION AND ORDER

Before the Court is the Motion for Detention of the United States of America (the "Government"). Pursuant to 18 U.S.C. § 3142, a detention hearing was held on July 17, 2012. At the hearing, the Government called no witnesses, relying solely on the face of the Indictment and the Pretrial Services Report (which was admitted without objection). Defendant called three witnesses: his grandmother, his aunt, and his supervisor at work.

Pursuant to 18 U.S.C. § 3142, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, the Court must take into account the available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Both parties agree that there is a rebuttable presumption that there is no set of conditions which will reasonably assure the appearance of defendant or the safety of the community. 18 U.S.C. § 3142. Thus, the burden is initially on the defendant. If the defendant is able to rebut this presumption, the burden shifts to the government to prove, by a preponderance of the evidence, that no set of conditions will reasonably assure the appearance of defendant as required in this matter, see 18 U.S.C. § 3142(f), or, alternatively, by clear and convincing evidence, that no set of conditions will reasonably assure the safety of any other person or the community. Id.

For the reasons set forth below, the undersigned orders, by the narrowest of margins, that defendant be detained pending trial for the reason that there is currently no set of conditions which will reasonably assure the appearance of defendant as required in this matter.

**Written Statement of Reasons for Detention**

Defendant is charged in three counts of a ten count Superseding Indictment. The charges against defendant include one count of Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, and two counts of Obstruct, Delay and Affect Commerce by Robbery. (Dkt. #96). Count One alleges that as early as August 26, 2009 until July 11, 2012, defendant conspired "to obstruct, delay and affect interstate commerce, and the movement of articles and commodities in commerce by robbery." Id. at 2. The Superseding Indictment alleges that defendant is a member of the Hoover Crips street gang, that it was a part of the alleged conspiracy to commit robberies of pharmacies, banks, and credit unions with firearms and cell phones, and that the conspiracy involved the use of

force. Id. As to defendant, the Superseding Indictment specifically alleges that he was directly involved in the armed robbery of Dooley Pharmacy on February 13, 2010. Otherwise, the Superseding Indictment does not specifically identify defendant as engaging in any criminal activity, although defendant is generically identified as a group of "defendants" that allegedly "caused shots to be fired into a house." Id. At 7.

The Pretrial Services Report details defendant's criminal history as follows:

1. Charged with trespassing in 2006. The charge was dismissed.

2. Plead guilty to Second Degree Burglary in 2008.

3. Charged with Robbery with a Firearm and Knowingly Receiving/Concealing Stolen Property in 2010. The charges were dismissed.

4. Plead guilty to Unlawful Possession of Controlled Drug in 2010.

In addition, defendant has three times failed to appear as required in the proceedings identified above, once on February 2, 2008, once on February 18, 2009, and once on October 12, 2010.

Defendant's grandmother, Celestial Hopkins, testified that she has lived in Tulsa for over twenty years, that she recently moved into a new home but that she continues to own her prior home, where she lived for twenty years. She works at Kendall-Whittier Elementary School as the Assistant Cafeteria Manager. She has never been charged with a crime. Defendant lived with his grandmother from approximately September, 2011 through December, 2011. She testified that defendant could live with her, that she would make sure he attended any future court appearances, and that she would be willing to contact the Probation Office if defendant did not abide by the terms of his release. She also testified that she was aware of some of defendant's criminal history, but not all of it. Her working hours are 6 am until 2:30 p.m., so she would not be able to supervise defendant during this period of time. On cross examination, counsel for the government asked Ms. Hopkins if she knew

defendant was the primary suspect in the murder of his former girlfriend. Ms. Hopkins testified that she was only aware he had been questioned.[1]

Defendant's aunt, Cheryl Hopkins, testified that defendant previously lived with her, except when he was living with his grandmother, and that she was primarily responsible for raising him. She is aware that defendant has had multiple contacts with the police. She is employed by Rogers Preparatory School. She is aware that defendant has been working near the Hard Rock Casino in the Tulsa area. She also testified that she could make sure defendant was at his court appearances and that she has a car.

Defendant's supervisor at his employment, James Inscoe, testified that he is the Powder Coat Manager at a business in Catoosa. He has known defendant for 8-9 months as a result of defendant's employment. Defendant does a little bit of everything as an employee. He started working from 7 a.m. to 4 p.m. each day and then moved to 4 a.m. to Noon. He has never had any problems with defendant, and defendant could return to work at any time. Defendant would also be allowed to leave work to attend court proceedings.

Defendant's counsel proffered that in 2010, defendant was charged on very similar charges in a state court proceeding but that he was not identified in a line up and the charges were dismissed.

A. Nature and Circumstances of the Offense

The nature and circumstances of the offenses are set forth above. The Government presented no evidence of the nature and circumstances of the offence, relying instead on the Superseding Indictment. This factor weighs in favor of release.

---

[1] The Court gives little weight to this exchange, since the Government declined to present any evidence that would allow the Court evaluate the validity of this allegation.

B. Weight of the Evidence

The government's evidence, as presented at the hearing, is extremely weak, since the Government relied solely on the presumption and the Superseding Indictment. This factor weighs in favor of release.

C. History and Characteristics of Defendant and Flight Risk

Defendant has been in Tulsa all of his life, and has a serious criminal history, although not one that would preclude release. In addition, the testimony of defendant's witnesses evidences an individual who could be successfully supervised. However, defendant made no effort to explain why he has three times in the fairly recent past failed to appear as required for a court proceeding. In addition, defendant did not present sufficient evidence regarding the specific manner in which he would account for his whereabouts, other than electronic monitoring. Ordinarily, the lack of such evidence would not be fatal to an effort to obtain release, but in light of defendant's three prior failures to appear for court proceedings and an absence of any explanation for these failures, this lack of evidence is important. Thus, defendant's history and characteristics *currently* weigh in favor of detention only on the issue of flight risk. More specifically, defendant successfully rebutted the presumption, but the government presented evidence, in the form of the Pretrial Service Report, that establishes (again, by the narrowest of margins) that no set of conditions can ensure defendant's appearance.

D. Danger To The Community

The facts set forth above establish that defendant rebutted the presumption and the Government did not meet its burden of proof on this issue.

Defendant may file an additional motion within thirty (30) days to re-open the detention hearing if he is able to present evidence that explains his prior failures to appear *or* that explains how

such failures would not occur in this case were he to be released. The Court notes the Government's objection to such a motion and hereby overrules that objection. The Court notes that it considered, at the close of the hearing, whether to continue the hearing to a future date for consideration of further evidence and chose, instead, to conditionally grant the Motion for Detention pending a request by defendant to present additional evidence. If the detention hearing is reopened, the government may introduce additional evidence as well.

Based on the foregoing, the Government's Motion for Detention is conditionally granted as set forth above.

### Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal to appear in connection with a court proceeding.

_____
T. Lane Wilson
United States Magistrate Judge